

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MJL ENTERPRISES, LLC, a Virginia
Limited Liability Company

        Plaintiff,

v.                                 Civil Action No. 2:15cv100

LAUREL GARDENS, LLC, a Delaware
Limited Liability Company

and

LAUREL GARDENS, LLC, a Pennsylvania
Limited Liability Company

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant Laurel Gardens, LLC, a Pennsylvania limited liability company's ("Laurel PA" or "Defendant") Motion to Dismiss. ECF No. 16. Laurel PA seeks to dismiss MJL Enterprises, LLC's ("Plaintiff") Amended Complaint, ECF No. 9, under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(5) for lack of subject matter jurisdiction, lack of personal jurisdiction, and insufficient service of process, respectively. Having considered the briefs of the parties, the motion is now ripe for decision.

I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff is a government contractor, located in Virginia Beach, Virginia. Am. Compl. ¶ 1, ECF No. 9. Defendant is a landscaping service, located in Pennsylvania. Id. ¶ 3. Plaintiff was awarded a prime contract under the New Jersey landscaping contract A87558, the New Jersey Department of Transportation ("NJDOT") Good Neighbor Planting Program, on or about August 13, 2014 (the "Landscaping Contract"). Id. ¶ 6. Defendant traveled to Virginia and met with Plaintiff on several occasions in May and June 2014 to solicit opportunities to perform landscaping services. Id. ¶ 7. Based upon its meetings with Defendant, Plaintiff invited, and Defendant submitted, a subcontract bid for a task order solicitation related to the Landscaping Contract. Id. ¶¶ 8, 9. Plaintiff relied on Defendant's subcontract bid to price and submit a bid proposal to NJDOT. Id. ¶ 10. Plaintiff was successful and acquired the task order for $13,734.48 on or about October 10, 2014. Id. ¶¶ 12, 13. Plaintiff then transmitted the task order documents and a subcontract agreement to Defendant. Id. ¶ 15. Despite the fact that the documents indicated that the task order was

---

[1] The facts recited herein are drawn from the allegations set forth in the Amended Complaint, ECF No. 9, and such facts are assumed true for the purpose of deciding the motion currently before the Court.

time sensitive, Defendant did not respond. Id. ¶¶ 16, 17. Due to Defendant's failure to complete the subcontract agreement and provide the services described in the bid proposal, NJDOT cancelled the task order. Id. ¶ 18. Even though Plaintiff notified Defendant of the cancellation, Plaintiff received an invoice from Defendant for $160,000 for "services rendered on the award of the NJ Good Neighbor Project." Id. ¶¶ 19, 21.

Plaintiff filed its initial complaint against Laurel Gardens, a Delaware limited liability company ("Laurel DE") on March 9, 2015. ECF No. 1. Plaintiff filed its Amended Complaint against both defendants, Laurel PA and Laurel DE, on June 24, 2015.[2] ECF No. 9. Plaintiff's Amended Complaint requests that the Court: (1) determine that Plaintiff does not owe Defendant $160,000, or any amount, pursuant to the NJDOT task order; or (2) award compensatory damages of $13,000 based on Defendant's breach of contract. The Summons and Amended Complaint were served on Laura Mohr, at Laurel PA's location in Chadds Ford, Pennsylvania, on June 29, 2015. See Summons Returned, 2, ECF No. 11. Defendant Laurel PA filed a Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter

---

[2] Plaintiff understood Laurel DE to be the same business as Laurel PA. See Am. Compl. ¶¶ 2,3. However, after learning that Laurel DE and Laurel PA were unrelated, Plaintiff sought leave to file its Amended Complaint and added Laurel PA as a Defendant. See id.

3

jurisdiction, personal jurisdiction, and insufficient service of process on August 3, 2015. ECF No. 16.

## II. STANDARD OF REVIEW

### A. Subject Matter Jurisdiction—Rule 12(b)(1)

A party may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "'The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction.'" U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 348 (4th Cir. 2009) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). A plaintiff must prove that subject matter jurisdiction exists by a preponderance of the evidence. Id. at 347-48. "When a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." Kerns v. United States, 585 F.3d 187, 183 (4th Cir. 2009). The motion to dismiss should be granted when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (internal citation omitted).

## B. Personal Jurisdiction—Rule 12(b)(2)

A party may also move to dismiss an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). A plaintiff "bears the burden of proving to the district court judge the existence of [personal] jurisdiction over the defendant by a preponderance of the evidence." New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005) (internal citation omitted). If there is a disputed factual question as to jurisdiction, a district court may hold an evidentiary hearing, or may rule on the motion papers, supporting legal memoranda, and the relevant allegations in the complaint. See id.; Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). A plaintiff must make a prima facie showing of a sufficient jurisdictional basis to survive a motion to dismiss. See New Wellington Fin. Corp., 416 F.3d at 294. To evaluate whether a plaintiff has made a prima facie showing of jurisdiction, the court "'must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" Id. (quoting Combs, 886 F.2d at 676).

### C. Service of Process—12(b)(5)

A Rule 12(b)(5) motion to dismiss for insufficient service of process permits a defendant to "challenge departures from the proper procedure for serving the summons and complaint." 5B Charles A. Wright, Arthur R. Miller, et al., Fed. Prac. & Proc. Civ. § 1353 (3d ed. 2014). A plaintiff bears the burden of establishing that service of process conformed to Federal Rule of Civil Procedure 4. See Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003). "'[T]he real purpose of service of process is to give notice to the defendant that he is answerable to the claim of the plaintiff,' and [] 'where actual notice of the commencement of the action and the duty to defend has been received by the one served,' service under Rule [4(e)] 'should be liberally construed to effectuate service and uphold the jurisdiction of the court. . . .'" United States v. Ragin, 113 F.3d 1233, *3 n.2 (4th Cir. 1997) (quoting Karlsson v. Rabinowitz, 318 F.2d 666, 668-69 (4th Cir. 1963)).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Defendant argues that Plaintiff failed to meet the amount in controversy requirement for diversity jurisdiction because Plaintiff's request for declaratory relief, with respect to the

6

$160,000 invoice, is insufficient[3] and the remaining $13,000 sought in the Amended Complaint does not meet the statutory amount in controversy requirement. Plaintiff argues that it adequately pled a request for declaratory relief, and the Court may consider an amount sought by declaratory judgment when determining whether it has subject matter jurisdiction.[4]

Subject matter jurisdiction is appropriate when a "matter in controversy exceeds the sum or value of $75,000, exclusive of

---

[3] In addition to the argument noted below, Defendant argues that Plaintiff failed to adequately plead a request for declaratory judgment. Defendant's argument is unavailing. A complaint need only include: "(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Further, a Plaintiff is "not required to use any precise or magical words in their pleading." Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 418 (4th Cir. 2014) (citing United States v. Davis, 261 F.3d 1, 45 n.40 (1st Cir. 2001) ("[Plaintiff] need not have used the magic word 'declaratory judgment' in its pleading to put defendants on notice that its claims could be resolved with a grant of declaratory relief.")). Therefore, Plaintiff's request that the court "determine that MJL does not owe Laurel Gardens $160,000, or another amount pursuant to NJDOT's task order 15-N-01MJL," Am. Compl. at 5, is a sufficient demand for declaratory relief.

[4] Defendant also argues that consideration of the $160,000 invoice is inappropriate because the invoice is also at issue in litigation before the United States District Court for the District of New Jersey. See Laurel Gardens, LLC v. MJL Enters., LLC, No. 1:15cv05549. Defendant's argument is incorrect, because the presence of duplicative litigation in another federal court does not undermine the exercise of subject matter jurisdiction in this Court. Further, Plaintiff's initial Complaint in this matter sought relief with respect to the $160,000 invoice when it was filed in March, 2015, several months before the New Jersey litigation was filed in state court on May 18, 2015. See Laurel Gardens, LLC, No. 1:15cv05549, ECF No. 1, Ex. A. Therefore, Defendant's argument is insufficient to demonstrate that this Court lacks subject matter jurisdiction over Plaintiff's claims.

7

interest and costs, and is between[] citizens of different States." 28 U.S.C. § 1332(a). In an action seeking declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Advert. Comm'n., 432 U.S. 333, 347 (1977) (internal citation omitted); see Gov't Emps. Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964) (noting that the test for determining the amount in controversy in a diversity proceeding is "the pecuniary result to either party which [a] judgment would produce"). In the present case, Plaintiff has requested that the Court "determine that MJL does not owe Laurel Gardens $160,000," or "award compensatory damages" in the amount of $13,000. Am. Compl. at 5. Plaintiff seeks a declaration that it does not owe Defendant $160,000 or any other amount. The value of the litigation clearly exceeds $75,000. Therefore, Defendant's motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

### B. Personal Jurisdiction

Defendant argues that Plaintiff has failed to plead sufficient facts to establish that this Court has personal jurisdiction over Defendant. Plaintiff argues that the Court may exercise personal jurisdiction over Defendant because it

8

sufficiently alleged that Defendant had minimum contacts with the Commonwealth of Virginia.

Federal district courts may exercise personal jurisdiction "only to the degree authorized by Congress under its constitutional power to 'ordain and establish' the lower federal courts." ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997). Federal Rule of Civil Procedure 4(k)(1) states that a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. A district court must conduct a two-part analysis to determine whether it has personal jurisdiction over a defendant. See Peanut Corp. of Am. v. Hollywood Brands, Inc. 696 F.2d 311, 313 (4th Cir. 1982). First, the district court must consider whether personal jurisdiction is authorized by the forum state's long-arm statute. Mitrano v. Hawes, 377 F.3d 402, 406 (4th Cir. 2004). Second, if the exercise of personal jurisdiction is authorized, a defendant must have sufficient minimum contacts with the forum state to meet the requirements of the Due Process Clause of the Fourteenth Amendment. Id.; see also Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 276-77 (4th Cir. 2009).

The Virginia long-arm statute provides multiple bases for exercise of personal jurisdiction, including transacting business in the Commonwealth. See Va. Code § 8.01-328.1.

9

Multiple federal and state courts have found that "Virginia's long-arm statute extends personal jurisdiction to the extent permitted by the Due Process Clause." Young v. New Haven Advocate, 315 F.3d 256, 261 (4th Cir. 2002). "Because Virginia's long-arm statute is intended to extend personal jurisdiction to the extent permissible under the due process clause, the statutory inquiry merges with the constitutional inquiry." Consulting Eng'rs Corp., 561 F.3d at 276-77.

When considering the Fourteenth Amendment due process requirements, the Supreme Court has recognized that a district court may exercise specific personal jurisdiction over a defendant only if the defendant has sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." See Int'l Shoe Co. v. Wash. Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945). A plaintiff must allege that a defendant "purposefully directed his activities at the residents of the forum" and that the plaintiff's cause of action "arise[s] out of" those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). The Fourth Circuit has synthesized the due process requirements for asserting specific personal jurisdiction into a three part test. The Court must consider "(1) the extent to which the defendant

purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Consulting Eng'rs Corp., 561 F.3d at 277-78 (4th Cir. 2009) (quoting ALS Scan, Inc. v. Dig. Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002)).

Plaintiff has alleged sufficient facts to make a prima facie showing of personal jurisdiction over Defendant. First, Defendant purposefully availed itself of the privilege of conducting activities in the Commonwealth. Plaintiff alleged that Defendant's representatives traveled to Virginia in May and June 2014 to solicit business from Plaintiff, specifically related to the Landscaping Contract. Am. Compl. ¶ 7. Plaintiff also alleged that "Defendant regularly transacts business in this District and Division." Id. ¶ 5. Further, Defendant sent the $160,000 invoice to Plaintiff in Virginia Beach, Virginia, id., Ex. D, and it can be reasonably inferred that the exchange of documents and subcontract negotiations took place between Defendant's office in Pennsylvania and Plaintiff's office in Virginia Beach, Virginia. Second, Plaintiff's claim arises from Defendant's visits to and communications with Plaintiff in Virginia Beach, and the fruit of those interactions: the

11

subcontract bid and the Landscaping Contract. The invoice from Defendant was issued for "services rendered on award of the NJ Good Neighbor Project." Am. Compl., Ex. D. Finally, exercise of personal jurisdiction in this case would be constitutionally reasonable. The Fourth Circuit has found that multiple visits to the forum state, continued communication, and contract negotiations are sufficient to demonstrate "minimum contacts" for the purpose of personal jurisdiction. See CFA Inst. v. Inst. Of Chartered fin. Analysts of India, 551 F.3d 285, 294-97 (4th Cir. 2009); Hirschkop & Grad, P.C. v. Robinson, 757 F.2d 1499, 1503 (4th Cir. 1985); cf. Consulting Eng'rs Corp., 561 F.3d at 280 (noting that Defendant did not have offices, employees, or property in Virginia, and it did not have on-going business activity or in-person contact with Plaintiff in Virginia). Therefore, Defendant's motion to dismiss for lack of personal jurisdiction is **DENIED**.

### C. Insufficient Service of Process

Defendant argues that service of process is insufficient because Plaintiff served a copy of the Amended Complaint on Laura Mohr, a bookkeeper for Defendant, who left her employment with Defendant shortly after receiving service of process. Plaintiff states that Ms. Mohr was arguably an appropriate recipient of the service of process, and even if she was not,

Defendant suffered no prejudice because it received actual notice of Plaintiff's claim and the Court granted it additional time to file responsive pleadings.

Unless federal law provides otherwise, an association may be served in a judicial district of the United States by following state law for serving a summons in an action where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Pursuant to Pennsylvania Rule of Civil Procedure 424, service of process on a corporation or similar entity shall be made by handing a copy of service to: (1) an executive officer, partner or trustee of the entity; or (2) the manager, clerk, or other person for the time being in charge of any regular place of business or activity; or (3) an agent authorized by the entity in writing to receive service of process. The Pennsylvania Supreme Court has found that "the purpose of the rule is to satisfy the due process requirement that a defendant be given adequate notice that litigation has commenced." Cintas Corp. v. Lee's Cleaning Servs., 549 Pa. 84, 93 (1997). While the Supreme Court has noted that rules concerning service of process must be "strictly followed," id. at 91, it has focused on whether there is a "sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the

13

defendant notice of the action against it." Id. at 96.; see Just Enters., Inc. v. O'Malley & Langan, P.C., 560 F. Supp. 2d 345, 352 (M.D. Pa. 2008) (listing cases where Pennsylvania courts have upheld service on individuals who were not a manager, clerk, or other person in charge of a corporation, unincorporated entity, or partnership).

Service on Ms. Mohr was not in strict observance of Pennsylvania's Rules of Civil Procedure. However, Plaintiff's service on Defendant was calculated to give adequate notice that litigation had commenced, and Defendant received actual notice of suit. The Summons and Amended Complaint were served on Defendant's place of business in Chadds Ford, Pennsylvania. Returned Summons, 1. Service of process was personally delivered to Ms. Mohr, a bookkeeper employed by Defendant, at Defendant's place of business. Id. at 2. Ms. Mohr then attempted to contact Defendant's counsel regarding service of process. Brown Decl. ¶ 3, ECF No. 15. Ms. Mohr left her employment with Defendant before she was able to contact counsel, but she informed Defendant about the service of process because an officer of Laurel PA followed up with counsel regarding the Amended Complaint a few weeks after Ms. Mohr received the service of process. Id. ¶¶ 4-5. Further, Defendant's counsel was provided with a courtesy copy of the

initial Complaint, by U.S. mail and email, when it was filed in March 2015, and counsel acknowledged receipt of the initial Complaint. Mot. for Leave to File Am. Compl., Ex. C, D, ECF Nos. 7-3, 7-4. Therefore, service of process was sufficient. Defendant's motion to dismiss for insufficient service of process is **DENIED**.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and insufficient service of process. ECF No. 16.

It is so **ORDERED**.

/s/ *[signature]*
Mark S. Davis
United States District Judge

Norfolk, Virginia
October 23, 2015